## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ECL GROUP, LLC d/b/a EYE CARE LEADERS and ELI RESEARCH INDIA PRIVATE, LIMITED, | : : : : | No: 2:22-cv-00057-MPK |
| Plaintiffs, | : : | JURY TRIAL DEMANDED |
| v. | : : | *Electronically Filed* |
| SOURABH MOHARIL, ABHAY JAISWAL, AGILITE GLOBAL SOLUTIONS COMPANY, LLC and MANAGED MARKETS INSIGHT AND TECHNOLOGY, LLC, | : : : : : : | |
| Defendants. | : | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants Sourabh Moharil and Agilité Global Solutions Company, LLC (together, "Agilité") file this Answer to Plaintiffs' Amended Complaint (the "Complaint").

## PARTIES, JURISDICTION, VENUE

1.      The allegations of paragraph one of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be appropriate, the allegations are denied. By way of further response, after reasonable investigation, Agilité is without sufficient information to admit or deny if diversity jurisdiction exists in this matter.

2.      The allegations of paragraph two of the Complaint are admitted in part and denied in part. It is admitted that Plaintiff Eye Care Leaders is a healthcare IT company headquartered in Charlotte, North Carolina. After reasonable investigation, Agilité is without sufficient information to either admit or deny the remaining allegations of paragraph 2 of the Complaint and, as a result, denies those allegations.

3.      The allegations of paragraph three of the Complaint are admitted in part and denied in part.  It is admitted that Plaintiff Eli Research is a research and information company headquartered in Faridabad, India.  The remainder of the allegations set forth in paragraph 3 are denied as stated.

4.      The allegations of paragraph 4 of the Complaint are admitted.

5.      The allegations of paragraph 5 of the Complaint are admitted in part and denied in part.  It is admitted that Abhay Jaiswal is a citizen of the United States of America.  The remainder of the allegations of paragraph 5 of the Complaint are denied.

6.      The allegations of paragraph 6 of the Complaint are admitted in part and denied in part.  It is admitted that that Agilite Global Solutions Company, LLC is a Pennsylvania limited liability company with a registered address of 2617 Syracuse Ct., Sewickley, PA 15143.  The remaining allegations of paragraph 6 of the Complaint are denied.

7.      The allegations of paragraph 7 of the Complaint are admitted in part and denied in part.  It is admitted that MMIT is a Delaware company with its headquarters in Yardley, Pennsylvania.  The remaining allegations of paragraph 7 are denied.  After reasonable investigation, Agilité is without sufficient information to ascertain if MMIT's members are citizens of Pennsylvania.

8.      The allegations of paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.  By way of further response, at this time, Agilité is not contesting venue in this Court.

**<u>INTRODUCTION</u>**

9.      The allegations of paragraph 9 of the Complaint are denied.

10.     The allegations of paragraph 10 of the Complaint are denied.

11.     The allegations of paragraph 11 of the Complaint are denied.

12.     The allegations of paragraph 12 of the Complaint are admitted in part and denied in part.  It is admitted that Agilite Global Solutions Company, LLC has conducted business with MMIT.  The remaining allegations of paragraph 12 of the Complaint are denied.

13.     The allegations of paragraph 13 of the Complaint are denied.

## FACTUAL BACKGROUND

14.     The allegations of paragraph 14 of the Complaint are admitted.

15.     The allegations of paragraph 15 of the Complaint are admitted in part and denied in part.  It is admitted that Eli Research is a company headquartered in Faridabad, India.  After reasonable investigation, Agilité is without sufficient information to either admit or deny the remaining allegations of paragraph 15 of the Complaint.  As a result, those allegations are denied.

16.     After reasonable investigation, Agilité is without sufficient information to either admit or deny the allegations of paragraph 16 of the Complaint.  As a result, those allegations are denied.

17.     The allegations of paragraph 17 of the Complaint are denied.  By way of further response, Agilité avers that from October 2017 to April 2020 Sourabh Moharil was officially the Vice President of Engineering for Eye Care Leaders and the document attached as Exhibit 1 is a written document that speaks for itself.

18.     The allegations of paragraph 18 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 1 to the Complaint, which is a written document that speaks for itself.

19.     The allegations of paragraph 19 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 1 to the Complaint, which is a written document that speaks for itself.

20.     The allegations of paragraph 20 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 1 to the Complaint, which is a written document that speaks for itself.

21.     The allegations of paragraph 21 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 1 to the Complaint, which is a written document that speaks for itself.

22.     The allegations of paragraph 22 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 1 to the Complaint, which is a written document that speaks for itself.

23.     The allegations of paragraph 23 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 1 to the Complaint, which is a written document that speaks for itself.

24.     The allegations of paragraph 24 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations of paragraph 24 of the Complaint are denied.

25.     The allegations of paragraph 25 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent that they mischaracterize the terms of Exhibit 2 to the Complaint, which is a written document that speaks for itself.

26.     The allegations of paragraph 26 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent that they mischaracterize the terms of Exhibit 2 to the Complaint, which is a written document that speaks for itself.

27.     The allegations of paragraph 27 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent that they mischaracterize the terms of Exhibit 2 to the Complaint, which is a written document that speaks for itself.

28.     The allegations of paragraph 28 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent that they mischaracterize the terms of Exhibit 2 to the Complaint, which is a written document that speaks for itself.

29.     The allegations of paragraph 29 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent that they mischaracterize the terms of Exhibit 2 to the Complaint, which is a written document that speaks for itself.

30.     The allegations of paragraph 30 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations of paragraph 30 of the Complaint are denied to the extent that they mischaracterize the terms of Exhibit 2 to the Complaint, which is a written document that speaks for itself.

31.  The allegations of paragraph 31 of the Complaint are denied.

32.  The allegations of paragraph 32 of the Complaint are admitted in part and denied in part.  It is admitted that the certificate of organization for Agilite Global Solutions Company, LLC

was filed with the Pennsylvania Department of State on June 18, 2019.  The remaining allegations of paragraph 32 of the Complaint are denied to the extent that the allegations imply that Abhay Jaiswal is and/or was a member of Agilite Global Solutions Company, LLC.

33.     The allegations of paragraph 33 of the Complaint are admitted.

34.     The allegations of paragraph 34 of the Complaint are admitted in part and denied in part.  It is admitted that Agilite Global Solutions Company, LLC's registered address is 2617 Syracuse Ct. Sewickley, PA 15143, and that address is Sourabh Moharil's home.  The remaining allegations of paragraph 34 of the Complaint are denied.

35.     The allegations of paragraph 35 of the Complaint are denied.  By way of further response, Abhay Jaiswal has referred to the Agilité name for marketing purposes.

36.     The allegations of paragraph 36 of the Complaint are denied.

37.     The allegations of paragraph 37 of the Complaint, including each bullet point paragraph, are denied.  By way of further response, some of the employees listed in paragraph 37 of the Complaint have referred to the Agilité name for marketing purposes.

38.     The allegations of paragraph 38 of the Complaint are denied.

39.     The allegations of paragraph 39 of the Complaint are denied as stated.  By way of further response, Sourabh Moharil became the Chief Technology Officer of MMIT in 2020.

40.     The allegations of paragraph 40 of the Complaint are denied as stated.  It is admitted that Mike Gallup, Keith Giddens, Christa Miller, Dean Galitsis, and Brandon Richards are currently employees of MMIT.  The remaining allegations of paragraph 40 of the Complaint are denied.

41.     The allegations of paragraph 41 of the Complaint are denied.

42.     The allegations of paragraph 42 of the Complaint are denied.

## COUNT I

43.     The allegations of paragraph 43 of the Complaint constitute an incorporation paragraph to which no response is required.  To the extent a response is deemed to be appropriate, Agilité incorporates by reference its responses to paragraphs 1–42 of the Complaint.

44.     The allegations of paragraph 44 of the Complaint are denied.  By way of further response, Agilité avers that from October 2017 to April 2020 Sourabh Moharil was officially the Vice President of Engineering for Eye Care Leaders.

45.     The allegations of paragraph 45 of the Complaint are denied.

46.     The allegations of paragraph 46 of the Complaint are admitted in part and denied in part.  It is admitted that Sourabh Moharil and Abhay Jaiswal entered into certain written agreements with Plaintiffs.  The allegations are denied to the extent that they mischaracterize the agreements, which are written documents that speak for themselves.

47.     The allegations of paragraph 47 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.  The referenced "Employment Agreements" are written documents that speak for themselves.

48.     The allegations of paragraph 48 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.  By way of further response, the referenced "Employment Agreements" are written documents that speak for themselves.

49.     The allegations of paragraph 49 of the Complaint are denied.

50.     The allegations of paragraph 50 of the Complaint are denied.

51.     The allegations of paragraph 51 of the Complaint pertain to Defendant Abhay Jaiswal and not Agilité.  To the extent a response is deemed to be appropriate, the allegations are denied.

52.     The allegations of paragraph 52 of the Complaint are denied.

WHEREFORE, Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC request that Plaintiffs' requests for relief be denied, that judgment be entered in favor of Defendants, and that the Court grant any other relief that is deemed to be just and appropriate.

## COUNT II

53.     The allegations of paragraph 53 of the Complaint constitute an incorporation paragraph to which no response is required.  To the extent a response is deemed to be appropriate, Agilité incorporates by reference its responses to paragraphs 1–52 of the Complaint.

54.     The allegations of paragraph 54 of the Complaint are denied.

55.     The allegations of paragraph 55 of the Complaint are denied.

WHEREFORE, Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC request that Plaintiffs' requests for relief be denied, that judgment be entered in favor of Defendants, and that the Court grant any other relief that is deemed to be just and appropriate.

## COUNT III

56.     The allegations of paragraph 56 of the Complaint constitute an incorporation paragraph to which no response is required.  To the extent a response is deemed to be appropriate, Agilité incorporates by reference its responses to paragraphs 1–55 of the Complaint.

57.     The allegations of paragraph 57 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations

are denied. The referenced contractual agreements are written documents that speak for themselves.

58.     The allegations of paragraph 58 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be appropriate, the allegations are denied. The referenced contractual agreements are written documents that speak for themselves.

59.     The allegations of paragraph 59 of the Complaint are denied.

60.     The allegations of paragraph 60 of the Complaint are denied.

61.     The allegations of paragraph 61 of the Complaint are denied.

62.     The allegations of paragraph 62 of the Complaint are denied.

63.     The allegations of paragraph 63 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be appropriate, the allegations are denied. The referenced contractual agreements are written documents that speak for themselves.

WHEREFORE, Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC request that Plaintiffs' requests for relief be denied, that judgment be entered in favor of Defendants, and that the Court grant any other relief that is deemed to be just and appropriate.

## COUNT IV

64.     The allegations of paragraph 64 of the Complaint constitute an incorporation paragraph to which no response is required. To the extent a response is deemed to be appropriate, Agilité incorporates by reference its responses to paragraphs 1–63 of the Complaint.

65.     The allegations of paragraph 65 of the Complaint concern Defendant MMIT and not Agilité. As a result, no response is required. To the extent a response is deemed to be

9

appropriate, the allegations constitute conclusions of law and are denied.  The referenced contractual agreement is a written document that speaks for itself.

66.     The allegations of paragraph 66 of the Complaint concern Defendant MMIT and not Agilité.  As a result, no response is required.  To the extent a response is deemed to be appropriate, after reasonable investigation, Agilité is without sufficient information to either admit or deny the allegations of paragraph 66 and, as a result, those allegations are denied.

67.     The allegations of paragraph 67 of the Complaint concern Defendant MMIT and not Agilité.  As a result, no response is required.  To the extent a response is deemed to be appropriate, after reasonable investigation, Agilité is without sufficient information to either admit or deny the allegations of paragraph 67 and, as a result, those allegations are denied.

68.     The allegations of paragraph 68 of the Complaint concern Defendant MMIT and not Agilité.  As a result, no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.

69.     The allegations of paragraph 69 of the Complaint concern Defendant MMIT and not Agilité.  As a result, no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.

70.     The allegations of paragraph 70 of the Complaint concern Defendant MMIT and not Agilité.  As a result, no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.

71.     The allegations of paragraph 71 of the Complaint concern Defendant MMIT and not Agilité.  As a result, no response is required.  To the extent a response is deemed to be appropriate, the allegations constitute conclusions of law and are denied.

WHEREFORE, Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC request that Plaintiffs' requests for relief be denied, that judgment be entered in favor of Defendants, and that the Court grant any other relief that is deemed to be just and appropriate.

## COUNT V

72.     The allegations of paragraph 72 of the Complaint constitute an incorporation paragraph to which no response is required.  To the extent a response is deemed to be appropriate, Agilité incorporates by reference its responses to paragraphs 1–71 of the Complaint.

73.     The allegations of paragraph 73 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.  The referenced contractual agreements are written documents that speak for themselves.

74.     The allegations of paragraph 74 of the Complaint are denied.  By way of further response, the referenced contractual agreements are written documents that speak for themselves.

75.     The allegations of paragraph 75 of the Complaint are denied.

76.     The allegations of paragraph 76 of the Complaint are denied.

77.     The allegations of paragraph 77 of the Complaint are denied.

78.     The allegations of paragraph 78 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied.

79.     The allegations of paragraph 79 of the Complaint constitute an incorporation paragraph to which no response is required.  To the extent a response is deemed to be appropriate, Agilité incorporates by reference its responses to paragraph 1–78 of the Complaint.

80.     The allegation of paragraph 80 of the Complaint are admitted in part and denied in part.  Agilité admits that, in paragraph 80 of the Complaint, Plaintiffs seek injunctive relief in the Complaint, but denies that Plaintiffs are entitled to any relief.

81.     The allegations of paragraph 81 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent that they misconstrue the referenced agreements.   The referenced contractual agreements are written documents that speak for themselves.

82.     The allegations of paragraph 82 of the Complaint, including subparts (i) through (iv), are admitted in part and denied in part.  Agilité admits that, in paragraph 82 of the Complaint, including subparts (i) through (iv), Plaintiffs seek injunctive relief in the Complaint.  Agilité denies that Plaintiffs are entitled to any relief and/or a permanent injunction.

83.     The allegations of paragraph 83 of the Complaint are denied.

84.     The allegations of paragraph 84 of the Complaint are denied.

85.     The allegations of paragraph 85 of the Complaint are denied.

86.     The allegations of paragraph 86 of the Complaint are denied.

87.     The allegations of paragraph 87 of the Complaint are denied.

88.     The allegations of paragraph 88 of the Complaint are denied.

89.     The allegations of paragraph 89 of the Complaint are denied.

90.     The allegations of paragraph 90 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be appropriate, the allegations are denied to the extent they misconstrue the referenced agreements.  The referenced contractual agreements are written documents that speak for themselves.

91.     The allegations of paragraph 91 of the Complaint constitute a jury demand to which no response is required.  To the extent a response is deemed to be appropriate, Agilité incorporates by reference paragraphs 1–90 of this Answer.

WHEREFORE, Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC request that Plaintiffs' requests for relief be denied, that judgment be entered in favor of Defendants, and that the Court grant any other relief that is deemed to be just and appropriate.

All allegations not specifically admitted herein, including, but not limited to, the unnumbered headings in the Complaint, are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs know, or have reason to know that their allegations are without any basis in law or fact.

### THIRD AFFIRMATIVE DEFENSE

3.     To the extent that discovery demonstrates, Plaintiffs' claims may be barred, in whole or in part, because they have been brought beyond the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.     Sourabh Moharil and Agilite Global Solutions Company, LLC reserve the right to argue that this Court does not have jurisdiction over this dispute, to the extent that discovery demonstrates that diversity does not exist.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' alleged claims for breach of fiduciary duty and tortious interference are barred by the gist of the action doctrine.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to seek redress for harms allegedly suffered by their affiliates, who are not parties to this litigation.

### SEVENTH AFFIRMATIVE DEFENSE

7.     If Plaintiffs suffered any alleged injury or damage, which Agilité disputes, that alleged injury and/or damage was proximately caused by individuals and/or entities other than Agilite Global Solutions Company, LLC and Sourabh Moharil.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs' claims are barred, in whole or in part, because Sourabh Moharil did not breach any contract, written or otherwise, with Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs' claims are barred, in whole or in part, because, at all times, the actions of Sourabh Moharil were privileged and/or justified.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs' claims are barred, in whole or in part, because, at all times, the actions of Agilite Global Solutions Company, LLC were privileged and/or justified.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    To the extent that Plaintiffs are relying on evidence outside of the written agreements to support their purported claims for breach of contract, Plaintiffs' claims may be barred, in whole or in part, by the parol evidence rule.

## TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs' claims may be barred, in whole or in part, because the contractual provisions on which Plaintiffs rely in support of their claims are vague, ambiguous, and insufficiently specific.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiffs' claims are barred, in whole or in part, because neither Sourabh Moharil nor Agilite Global Solutions Company, LLC compete with Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiffs' claims are barred, in whole or in part, because Sourabh Moharil did not solicit any employees of Plaintiffs.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

15.　Plaintiffs' claims are barred, in whole or in part, because Sourabh Moharil did not breach any duties allegedly owed to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.　Plaintiffs' claims are barred, in whole or in part, because Sourabh Moharil did not impermissibly interfere with any of Plaintiffs' contracts, whether written or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.　Plaintiffs' claims are barred, in whole or in part, because Agilite Global Solutions Company, LLC did not impermissibly interfere with any of Plaintiffs' contracts, whether written or otherwise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.　Plaintiffs' claims for injunctive relief are barred because Plaintiffs have not been irreparably harmed by any alleged conduct on the part of either Agilite Global Solutions Company, LLC and/or Sourabh Moharil.

## NINETEENTH AFFIRMATIVE DEFENSE

19.　Plaintiffs' claims are barred, in whole or in part, because no actions on the part of either Agilite Global Solutions Company, LLC and/or Sourabh Moharil caused or contributed to any alleged damages suffered by Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

20.　Plaintiffs are not entitled to recover punitive damages because neither Agilite Global Solutions Company, LLC nor Sourabh Moharil engaged in willful or wanton misconduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought are impermissibly disproportionate to Defendants' alleged actions and/or Plaintiffs' alleged harm, in contravention of Agilite Global Solutions Company, LLC's and/or Sourabh Moharil's due process rights.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Agilite Global Solutions Company, LLC and Sourabh Moharil adopt by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus. Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *BMW v. Gore*, 517 U.S. 559 (1996).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent discovery demonstrates, Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their purported damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     To the extent discovery demonstrates, any alleged damage or loss to Plaintiffs that allegedly occurred as a result of Agilite Global Solutions Company, LLC and/or Moharil's alleged conduct is speculative and too uncertain for recovery.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiffs are not entitled to attorneys' fees or costs because Plaintiffs lack any statutory and/or contractual basis to recover attorneys' fees or costs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiffs' claims are barred, in whole or in part, under the doctrines of laches, waiver, unclean hands, and estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiffs' request for injunctive relief fails because, if Plaintiffs suffered any harm and are entitled to recovery—which Agilite Global Solutions Company, LLC and Sourabh Moharil deny—Plaintiffs are not without a monetary remedy.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiffs' Complaint fails because the restrictive covenants contained in the written agreements upon which the Complaint rests are unenforceable because, *inter alia*, they are overly broad and/or violate public policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiffs' claims are barred and/or limited because Plaintiff ECL Group, LLC breached its agreements with Sourabh Moharil.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     Agilite Global Solutions Company, LLC and Sourabh Moharil hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

## DEMAND FOR JURY TRIAL

Defendants Sourabh Moharil and Agilite Global Solutions, LLC demand a jury trial on all the issues so triable.

WHEREFORE, Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC request that Plaintiffs' requests for relief be denied, that judgment be entered in favor of Defendants, and that the Court grant any other relief that is deemed to be just and appropriate.

Dated: March 25, 2022

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Louis A. DePaul*
Louis A. DePaul, PA ID No. 93823
Lindsey Conrad Kennedy, PA ID No. 318318
Carolyn Boucek, Pa ID No. 324410
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-566-6000
Facsimile: 412-566-6099
ldepaul@eckertseamans.com
lkennedy@eckertseamans.com
cboucek@eckertseamans.com

*Attorneys for Defendants Sourabh Moharil and Agilite Global Solutions Company, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned served a true and correct copy of Agilite Global Solutions Company, LLC's and Sourabh Moharil's Answer to and Affirmative Defenses to the Amended Complaint upon the following as follows on this 25th day of March 2022:

Counsel for all parties via the electronic filing system

*/s/ Louis A. DePaul*
Louis A. DePaul