IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ECL GROUP, LLC D/B/A EYE CARE LEADERS and ELI RESEARCH INDIA PRIVATE LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>SOURABH MOHARIL, ABHAY JAISWAL AGILITE GLOBAL SOLUTIONS COMPANY, LLC, and MANAGED MARKETS INSIGHT AND TECHNOLOGY, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 22-057-MPK<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT MANAGED MARKETS INSIGHT & TECHNOLOGY, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Managed Markets Insight & Technology, LLC ("MMIT") demands a trial by jury on all issues so triable and answers the First Amended Complaint (D.I. 24) of Plaintiffs ECL Group, LLC d/b/a Eye Care Leaders ("Eye Care Leaders") and Eli Research India Private Limited ("Eli Research") (collectively, "Plaintiffs").

1.    Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2.    MMIT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2, and therefore denies them.

3. MMIT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3, and therefore denies them.

4. MMIT states that none of the allegations in paragraph 4 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that "Sourabh Moharil is a . . . resident . . . of Pennsylvania." MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

5. MMIT states that none of the allegations in paragraph 5 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

6. MMIT states that none of the allegations in paragraph 6 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

7. MMIT admits that it "is a Delaware limited liability company that uses technology to provide market access data, analytics, and insights in the healthcare industry and is headquartered in Yardley, Pennsylvania." MMIT denies the remaining allegations of paragraph 7.

8. MMIT admits that "Venue in this Court is proper pursuant to 28 U.8.C. § 1391." MMIT lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8, and therefore denies them.

9. MMIT states that the majority of the allegations in paragraph 9 do not pertain to MMIT and a response is therefore not required. MMIT denies that it engaged in any of the

"wrongdoings" as listed in paragraph 9. To the extent a response is required, MMIT denies the remaining allegations of paragraph 9.

10. MMIT states that none of the allegations in paragraph 10 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

11. MMIT admits that some individuals previously employed by Eye Care Leaders are now employed by MMIT. MMIT denies all other allegations in paragraph 11.

12. MMIT admits that it has "conducted business" with Agilite. MMIT denies the remaining allegations of paragraph 12.

13. Denied.

14. MMIT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies them.

15. MMIT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies them.

16. MMIT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies them.

17. MMIT states that none of the allegations in paragraph 17 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that a partially executed document that purports to be an employment agreement is attached to the complaint as exhibit 1, and that Moharil was employed by Eye Care Leaders. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and, on that basis, denies them.

18. MMIT states that none of the allegations in paragraph 18 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

19. MMIT states that none of the allegations in paragraph 19 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

20. MMIT states that none of the allegations in paragraph 20 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

21. MMIT states that none of the allegations in paragraph 21 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that the phrase "business time, attention, skill, and energy exclusively to the business of" is contained in exhibit 1 to the complaint. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 and, on that basis, denies them.

22. MMIT states that none of the allegations in paragraph 22 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that the phrases "directly or indirectly, in any capacity whatsoever, individually or on behalf of any other person or entity, engage in, own, manage, operate, finance, control, or participate in the ownership, management, operation, financing, or control of, be employed by, associated with, or in any manner connected with . . . any business engaged or about to become engaged in the

Business of" and "or any of its Affiliates, in the Market Area" are contained in exhibit 1 to the complaint. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and, on that basis, denies them.

23. MMIT states that none of the allegations in paragraph 23 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that the following phrases are in exhibit 1 to the complaint: "employ, either directly or indirectly, any current employee of," "or its Affiliates or any individual who was an employee of," "or its Affiliates at any time," "directly or indirectly, in any capacity whatsoever, individually or on behalf of any other person or entity, engage in, own, manage, operate, finance, control, or participate in the ownership, management, operation, financing, or control of, be employed by, associated with, or in any manner connected with . . . any business engaged or about to become engaged in the Business of . . . or its affiliates." MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and, on that basis, denies them.

24. MMIT states that none of the allegations in paragraph 24 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

25. MMIT states that none of the allegations in paragraph 25 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that a document that purports to be an employment agreement is attached to the complaint as exhibit 2. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and, on that basis, denies them.

26. MMIT states that none of the allegations in paragraph 26 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

27. MMIT states that none of the allegations in paragraph 27 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that the phrase "own, operate, assist, work for, or provide services to any person or entity that competes with Eli Research" appears in exhibit 2 to the complaint. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and, on that basis, denies them.

28. MMIT states that none of the allegations in paragraph 28 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT admits that the phrase "own, operate, or perform services that are the same or substantially similar to those performed by . . . while employed by Eli Research for any person or any entity engaged in a business that produces, markets, distributes, or sells products or services of a similar nature to those developed or commercialized by Eli Research" appears in exhibit 2 to the complaint. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and, on that basis, denies them.

29. MMIT states that none of the allegations in paragraph 29 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT denies that the phrase appears as quoted in exhibit 2 to the complaint. MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and, on that basis, denies them.

30. MMIT states that none of the allegations in paragraph 30 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

31. MMIT states that none of the allegations in paragraph 31 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

32. MMIT states that none of the allegations in paragraph 32 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

33. MMIT states that none of the allegations in paragraph 33 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

34. MMIT states that none of the allegations in paragraph 34 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

35. MMIT states that none of the allegations in paragraph 35 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

36. MMIT states that none of the allegations in paragraph 36 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

37. MMIT states that none of the allegations in paragraph 37 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

38. MMIT refers to its response to paragraph 7, above. All allegations not admitted in paragraph 7 are denied.

39. MMIT admits that Moharil became Chief Technology Officer of MMIT in 2020. The remaining allegations of paragraph 39 are denied.

40. MMIT admits that the following individuals were previously employed by ECL, Global Growth, or their affiliates and that they have been employed by MMIT with the former and present titles set forth in paragraph 40, and as of the dates set forth in paragraph 40, except as stated below:

- Michael Gallup
  - Chief Operating Officer, January 27, 2020
  - Chief Executive Officer, July 15, 2020
- Keith Giddens
  - Vice President of Client Operations, February 10, 2020
  - Chief Performance Officer, December 17, 2020
- Christa Miller
  - Chief Financial Officer, October 5, 2020
- Dean Galitsis

- - o   Lead Counsel, October 19, 2020
    - o   Deputy General Counsel, January 1, 2022
  - Brandon Richards
    - o   General Counsel, October 7, 2020
    - o   Chief Human Resources Officer and General Counsel, January 1, 2022

MMIT denies that Brandon Richards is the "former Chief Executive Officer, Chief Human Resources Officer and Chief Legal Officer of Century Vision Global and Eye Care Leaders." MMIT denies that Abhay Jaiswal, Sujit Piyush Patniak, or Sathya Shankar Sankara Pandian are employed by MMIT.  MMIT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and, on that basis, denies them.

41.     Denied.

42.     MMIT lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies them.

43.     MMIT repeats and incorporates by reference paragraphs 1-42 above.

44.     MMIT states that none of the allegations in paragraph 44 pertain to MMIT and a response is therefore not required.  To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

45.     MMIT states that none of the allegations in paragraph 45 pertain to MMIT and a response is therefore not required.  To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

46.     MMIT states that none of the allegations in paragraph 46 pertain to MMIT and a response is therefore not required.  To the extent a response is required, MMIT lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

47. MMIT states that none of the allegations in paragraph 47 pertain to MMIT and a response is therefore not required. Paragraph 47 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 47.

48. MMIT states that none of the allegations in paragraph 48 pertain to MMIT and a response is therefore not required. Paragraph 48 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 48.

49. MMIT states that none of the allegations in paragraph 49 pertain to MMIT and a response is therefore not required. Paragraph 49 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 49.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, MMIT admits that Moharil has worked for MMIT, and denies the remaining allegations of paragraph 50.

51. MMIT states that none of the allegations in paragraph 51 pertain to MMIT and a response is therefore not required. Paragraph 51 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 51.

52. MMIT states that none of the allegations in paragraph 52 pertain to MMIT and a response is therefore not required. Paragraph 52 also states a legal conclusion to which no

response is required. To the extent a response is required, MMIT denies the allegations of paragraph 52.

53. MMIT repeats and incorporates by reference paragraphs 1-52 above.

54. MMIT states that none of the allegations in paragraph 54 pertain to MMIT and a response is therefore not required. Paragraph 54 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 54.

55. MMIT states that none of the allegations in paragraph 55 pertain to MMIT and a response is therefore not required. Paragraph 55 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 55.

56. MMIT repeats and incorporates by reference paragraphs 1-55 above.

57. MMIT states that none of the allegations in paragraph 57 pertain to MMIT and a response is therefore not required. Paragraph 57 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 57.

58. MMIT states that none of the allegations in paragraph 58 pertain to MMIT and a response is therefore not required. Paragraph 58 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 58.

59. MMIT states that none of the allegations in paragraph 59 pertain to MMIT and a response is therefore not required. Paragraph 59 also states a legal conclusion to which no

response is required. To the extent a response is required, MMIT denies the allegations of paragraph 59.

60. MMIT states that none of the allegations in paragraph 60 pertain to MMIT and a response is therefore not required. Paragraph 60 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 60.

61. MMIT states that none of the allegations in paragraph 61 pertain to MMIT and a response is therefore not required. Paragraph 61 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 61.

62. MMIT states that none of the allegations in paragraph 62 pertain to MMIT and a response is therefore not required. Paragraph 62 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 62.

63. MMIT states that none of the allegations in paragraph 63 pertain to MMIT and a response is therefore not required. Paragraph 63 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 63.

64. MMIT repeats and incorporates by reference paragraphs 1-63 above.

65. Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 65.

66. Paragraph 66 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 66.

67. Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 67.

68. Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 68.

69. Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 69.

70. Paragraph 70 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 70.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 71.

72. MMIT repeats and incorporates by reference paragraphs 1-71 above.

73. MMIT states that none of the allegations in paragraph 73 pertain to MMIT and a response is therefore not required. Paragraph 73 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 73.

74. MMIT states that none of the allegations in paragraph 74 pertain to MMIT and a response is therefore not required. Paragraph 74 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 74.

75. MMIT states that none of the allegations in paragraph 75 pertain to MMIT and a response is therefore not required. Paragraph 75 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 75.

76. MMIT states that none of the allegations in paragraph 76 pertain to MMIT and a response is therefore not required. To the extent a response is required, MMIT lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

77. MMIT states that none of the allegations in paragraph 77 pertain to MMIT and a response is therefore not required. Paragraph 77 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 77.

78. MMIT states that none of the allegations in paragraph 78 pertain to MMIT and a response is therefore not required. Paragraph 78 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 78.

79. MMIT repeats and incorporates by reference paragraphs 1-78 above.

80. Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, MMIT admits that "Plaintiffs seek injunctive relief concerning the activities of Moharil, Jaiswal, Agilite, and MMIT," but denies Plaintiffs are entitled to injunctive relief.

81. MMIT states that none of the allegations in paragraph 81 pertain to MMIT and a response is therefore not required. Paragraph 81 also states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 81.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, MMIT admits that Plaintiffs seek the injunctions listed in sub-paragraphs i-iv, but denies Plaintiffs are entitled to injunctive relief.

83. Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 83.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 84.

85. Paragraph 85 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 85.

86. Paragraph 86 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 86.

87. Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 87.

88. Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 88.

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, MMIT denies the allegations of paragraph 89.

90. Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, MMIT admits that "Plaintiffs also seek their costs and attorneys' fees," but denies the remaining allegations of paragraph 90.

91. Paragraph 91 states a legal conclusion to which no response is required. To the extent a response is required, MMIT admits that "Plaintiffs request a jury in this action."

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted, including but not limited to any claims by Plaintiffs regarding agreements they are not a party to, and any claims for relief based on breach of an agreement that MMIT was not a party to.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of privilege and justification. MMIT did not take improper actions or employ wrongful means, including under the Restatement (Second) of Torts § 767-768.

**THIRD AFFIRMATIVE DEFENSE**

MMIT is not a party to any of the agreements referred to in the complaint, and any such agreements cannot provide the basis for relief against MMIT.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs caused some or all of their alleged damages by terminating the employment of many of their former employees.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert claims for tortious interference related to any contracts between non-parties and/or Plaintiffs' affiliates.

**SIXTH AFFIRMATIVE DEFENSE**

The agreements that Plaintiffs allege MMIT tortiously interfered with are void or unenforceable due at least to the scope of the competitive restrictions and the governing law.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' requested equitable relief is improper because Plaintiff has an adequate remedy at law. Plaintiffs' alleged harms are fully quantifiable and compensable by money damages.

### EIGHTH AFFIRMATIVE DEFENSE

MMIT may rely upon such other affirmative defenses as may become available or apparent during the course of discovery.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the contractual provisions on which Plaintiffs rely in support of their claims are vague, ambiguous, and insufficiently specific.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited because or to the extent that Plaintiffs breached their agreements with their employees.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that discovery demonstrates, Plaintiffs' claims may be barred, in whole or in part, because they have been brought beyond the applicable statutes of limitations.

### DEMAND FOR JURY TRIAL

MMIT demands a jury trial on all the issues so triable.

### PRAYER FOR RELIEF

NOW, THEREFORE, defendant Managed Markets Insight & Technology LLC respectfully requests the Court to:

    A.    Enter judgment on the complaint in favor of Managed Markets Insight & Technology, LLC and against Plaintiffs;

    B.    Award Managed Markets Insight & Technology, LLC all other relief that is just and proper.

        Respectfully submitted,

        <u>/s/ John W. Shaw</u>
        John W. Shaw (PA ID No. 75738)
        SHAW KELLER LLP
        I.M. Pei Building
        1105 North Market Street, 12th Floor
        Wilmington, DE 19801
        (302) 298-0700
        Fax: (302) 300-4026
        jshaw@shawkeller.com
        *Attorneys for Defendant Managed Markets Insight & Technology, LLC*

Dated:  March 25, 2022

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on March 25, 2022, this document was served on counsel of record via the Court's electronic filing system.

> /s/ *John W. Shaw*
> John W. Shaw (PA ID No. 75738) SHAW KELLER LLP
> I.M. Pei Building
> 1105 North Market Street, 12th Floor
> Wilmington, DE 19801
> (302) 298-0700
> Fax: (302) 300-4026
> jshaw@shawkeller.com
> *Attorneys for Defendant Managed Markets Insight & Technology, LLC*

Dated:  March 25, 2022