IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ECL GROUP, LLC d/b/a EYE CARE LEADERS and ELI RESEARCH INDIA PRIVATE LIMITED, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:22-cv-00057 |
| v. | § § | |
| SOURABH MOHARIL, ABHAY JAISWAL, AGILITE GLOBAL SOLUTIONS COMPANY, LLC, and MANAGED MARKETS INSIGHT AND TECHNOLOGY, LLC, | § § § § § § | HONORABLE MAUREEN P. KELLY United States Magistrate Judge |
| Defendants. | § | |

## FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

Counsel for the parties respectfully submit the following Report pursuant to Federal Rule of Civil Procedure 26(f).

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and email addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

    Aaron Z. Tobin
        Admitted *pro hac vice*
        atobin@condontobin.com
    Stephanie K. Osteen
        Admitted *pro hac vice*
        sosteen@condontobin.com
    Abigail R.S. Campbell
        Admitted *pro hac vice*
        acampbell@condontobin.com
    **Condon Tobin Sladek Thornton**
        **Nerenberg PLLC**
    8080 Park Ln. Suite 700
    Dallas, TX  75231
    Phone:  214-265-3800
    Fax:  214-691-6311

    John P. Miller
        PA ID No. 91304
        jmiller@dfllegal.com
    Andrew P. Giel
        PA ID No. 326240
        agiel@dfllegal.com
    **Dingess, Foster, Luciana,**
        **Davidson & Chleboski LLP**
    20 Stanwix Street, Third Floor
    Pittsburgh, PA  15222
    Phone:  412-926-1800
    Fax:  412-926-1801

    *Counsel for Plaintiffs,*
        *ECL Group, LLC d/b/a Eye*
        *Care Leaders and Eli Research*
        *India Private Limited*

| | |
|---|---|
| Louis A. DePaul<br>   PA ID No. 93823<br>   ldepaul@eckertseamans.com<br>Lindsey Conrad Kennedy<br>   PA ID No. 318318<br>   lkennedy@eckertseamans.com<br>Carolyn O. Boucek<br>   PA ID No. 324410<br>   cboucek@eckertseamans.com<br>**Eckert Seamans Cherin & Mellott, LLC**<br>U.S. Steel Tower<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA  15219<br>Phone:  412-566-6000<br>Fax:  412-566-6099<br><br>*Counsel for Defendants,*<br>   *Sourabh Moharil Abhay Jaiswal,*<br>   *and Agilite Global Solutions*<br>   *Company, LLC* | John W. Shaw<br>   PA ID No. 75738<br>   jshaw@shawkeller.com<br>Nathan R. Hoeschen<br>   Admitted *pro hac vice*<br>   nhoeschen@shawkeller.com<br>**Shaw Keller LLP**<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>Phone:  302-298-0700<br>Fax:  302-300-4026<br><br>*Counsel for Defendant,*<br>   *Managed Markets Insight and*<br>   *Technology, LLC* |

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

Plaintiffs, ECL Group, LLC d/b/a Eye Care Leaders ("Eye Care Leaders") and Eli Research India Private Limited ("Eli Research") (together, "Plaintiffs") bring this action
1. Against Defendants Sourabh Moharil ("Moharil") and Abhay Jaiswal ("Jaiswal") for breach of contract as a result of Moharil and Jaiswal's breaches of the terms of their Employment Agreements by
    a. Forming a competing company, Agilite Global Solutions Company, LLC ("Agilite"), and serving as an officer and/or working for that company both while still employed by Plaintiffs and after termination of their employment, and
    b. Soliciting Plaintiffs' or their affiliates' employees to work for Agilite;
2. Against Defendant Moharil for breach of contract as a result of Moharil
    a. Hiring Plaintiffs' or their affiliates' employees to work for Agilite,
    b. Working for Managed Markets Insight and Technology, LLC ("MMIT"), a competitor of Eli Research, prior to the two-year expiration of his promise not to compete, and
    c. Soliciting Plaintiffs' or their affiliates' employees to work for MMIT;
3. Against Defendant Jaiswal for breach of contract as a result of Jaiswal failing to report to Plaintiffs that Moharil intended to compete against and recruit employees of Plaintiffs;
4. Against Defendant Moharil for breach of fiduciary duty as a result of, among other things, Moharil forming a competing company, Agilite, and serving as an officer of

      that company while still employed by Eye Care Leaders, and soliciting Plaintiffs' or their affiliates' employees to work for Agilite;

5. Against Defendants Agilite, MMIT, Moharil, and Jaiswal for tortious interference with existing contract by soliciting Plaintiffs' employees to not only leave but to work for competing businesses; and
6. For temporary and permanent injunctive relief concerning the activities of Defendants Moharil, Jaiswal, Agilite, and MMIT described above and relating to Defendants' improper competitive activities.

Defendants deny Plaintiffs' characterization of their claims, deny Plaintiffs' entitlement to any recovery, and otherwise deny that any Defendant engaged in any improper activity in breach of any agreements, the law, or otherwise.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   On April 12, 2022, Stephanie K. Osteen, Taryn E. Ourso, John P. Miller, and Andrew P. Giel, on behalf of Eye Care Leaders and Eli Research; Louis A. DePaul and Lindsey Conrad Kennedy, on behalf of Sourabh Moharil, Abhay Jaiswal, and Agilite Global Solutions Company, LLC; and Nathan R. Hoeschen, on behalf of MMIT, met and participated in the Rule 26(f) Conference.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court** (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served)**:**

   The Rule 16 Initial Scheduling Conference has been scheduled for April 26, 2022, at 9:00 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   No party anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 at this time.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   Mediation.

   Plaintiffs believe mediation should occur by August 24, 2022, after written discovery and a limited exchange of documents.

   Defendants believe that the Court and parties will benefit from exploring early mediation in the time frame contemplated by the Local Rules. Defendants are amenable to exchanging limited information in advance of any early mediation, but oppose engaging in any pre-mediation formal ESI discovery because the expense associated with engaging in electronic discovery on multiple occasions is not proportional to the claims at issue in the litigation.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   There are no changes to the form or requirements of the Rule 26(a) disclosures. However, the parties propose Rule 26(a) disclosures be made by May 24, 2022, and no party opposes such change.

8. **Subjects on which fact discovery may be needed** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein)**:**

   Plaintiffs believe that discovery may be needed on:
   a. the allegations in Plaintiffs' First Amended Complaint;
   b. the Defendants' affirmative defenses;
   c. the actions taken by Moharil and Jaiswal related to Agilite and/or MMIT while they were still employed by Eye Care Leaders, including actions which would constitute breach of contract;
   d. the circumstances and actions related to the founding of Agilite by Moharil and Jaiswal;
   e. the tortious interference with existing contract, including but not limited to the solicitation and hiring of employees of Eye Care Leaders and Eli Research, by Moharil and Jaiswal for Agilite and/or MMIT;
   f. the stealing, disclosure, and sharing of knowledge of Plaintiffs' confidential information, business operations, and/or trade secrets by Moharil and/or Jaiswal, as well as anyone else connected to Agilite and/or MMIT; and

4

    g.  actions, past and present, taken by Moharil, Jaiswal, Agilite, and/or MMIT taken to compete with Plaintiffs.

Defendants object to the scope of Plaintiffs' proposed discovery because that proposed discovery, *inter alia*, includes topics beyond the scope of Plaintiffs' alleged claims. For instance, the discovery sought in part (f) of Plaintiffs' proposed list concerns discovery unrelated to any pleaded claim, including as articulated by Plaintiffs in Section 2 above. In addition, Plaintiffs voluntarily dropped a purported trade secret claim against Defendants Moharil, Jaiswal, and Agilite Global Solutions Company, LLC (together "Agilite") in their First Amended Complaint after the parties held a meet and confer regarding Plaintiffs' original complaint. Defendant MMIT further notes that Plaintiffs have never raised a claim against MMIT related to trade secret theft or other misuse of plaintiff confidential information.

Defendants believe that discovery may generally be needed regarding:

1. Any agreements between Plaintiffs and Defendants;

2. All agreements Plaintiffs contend that any Defendant tortiously interfered with;

3. Defendants', and any of the individuals referenced in Paragraphs 37 or 40 or the Amended Complaint, employment with, and separation of employment from, Plaintiffs;

4. The markets within which each of the parties conducts business;

5. The products and services that each of the parties markets; and

6. Any damage or other injury Plaintiffs contend resulted from the claims alleged in the First Amended Complaint.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

    a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

        May 24, 2022

b.  **Date by which any additional parties shall be joined:**

June 21, 2022

c.  **Date by which the pleadings shall be amended:**

June 21, 2022

d.  **Date by which fact discovery should be completed:**

Plaintiffs believe fact discovery should be completed by December 16, 2022, considering that the parties anticipate conducting mediation after written discovery and a limited exchange of documents; the number of parties involved in this case; the number of depositions expected to be taken in this case, potentially including the depositions of parties and/or witnesses located in foreign countries; and the potentially voluminous amount of fact discovery to be taken in this case, including ESI.

Defendants believe fact discovery should be completed within 150 days by September 23, 2022, in accordance with typical local practice.  Extending discovery beyond the typical 150-day period is not proportionate to the amounts and claims at issue in this litigation and unnecessarily sets the stage for a protracted and contentious discovery process.  Rather than encourage discovery disputes, Defendants prefer to follow this Court's typical procedure and work to efficiently complete discovery in 150 days.

e.  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

By agreement, the parties have elected to schedule a Post-Discovery Status Conference at the conclusion of fact discovery.

f.  **Date by which plaintiff's expert reports should be filed:**

g.  **Date by which depositions of plaintiff's expert(s) should be completed:**

h.  **Date by which defendant's expert reports should be filed:**

i.  **Date by which depositions of defendant's expert(s) should be completed:**

j.  **Date by which third party expert's reports should be filed:**

      k.  **Date by which depositions of third party's expert(s) should be completed:**

10.    **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

None.

11.    **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a.  **ESI.**  Is either party seeking the discovery of ESI in this case?

        __X__ Yes        ____ No        [If "No," skip to sub-part (e) below.]

    b.  **ESI Discovery Plan.**  The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

        i.  Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by _____.

        ii.  Have developed an ESI discovery plan (as attached).

        iii.  Will have an ESI discovery plan completed by <u>June 1, 2022</u>.

        NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

    c.  **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?

        __X__ Yes        ____ No

    d.  **ADR.**  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?

        __X__ Yes        ____ No

    Due to the nature of their claims, Plaintiffs believe that a limited exchange of ESI is necessary prior to conducting meaningful ADR in this case.  Plaintiffs are willing to narrow the scope, including the number of custodians, of this limited exchange of ESI

      for the purpose of engaging in a meaningful mediation.

      Defendants believe that the Court and parties will benefit from exploring early mediation in the time frame contemplated by the Local Rules. Defendants are amenable to exchanging of limited information in advance of any early mediation, but oppose engaging in any pre-mediation formal ESI discovery because the expense associated with engaging in electronic discovery on multiple occasions is not proportional to the claims at issue in the litigation.

  e. **Clawback Agreement.** The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

      Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

  f. **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.

      \_\_\_\_\_ Yes      \_\_X\_\_ No

  g. **Other.** Identify all outstanding disputes concerning any ESI issues:

      None at this time.

12. **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following** (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone)**:**

The parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery.

  a.     **Settlement and/or transfer to an ADR procedure;**

  b.     **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to**

        **defer such discovery until after the Post-Discovery Status Conference;**

    c.     **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.     **Dates by which parties' pre-trial statements should be filed;**

    e.     **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.     **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    g.     **Dates proposed for final pre-trial conference;**

    h.     **Presumptive and final trial dates.**

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

At this time, the parties do not anticipate the need for any other orders to be entered by the Court pursuant to Rule 16(b). However, the parties agree that a protective order will be needed pursuant to Rule 26(c) based upon the nature of evidence to be exchanged in the course of discovery. The parties agree they will work together in good faith to develop a mutually acceptable, stipulated protective order for submission to the Court at or near the same time the parties submit their ESI discovery plan pursuant to Section 11(b)(iii) herein.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

None.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have not yet discussed the possibility of settlement in this case. Defendant MMIT asked Plaintiffs in February and in April to identify what it seeks from MMIT, but

9

to date Plaintiffs have not made a demand on MMIT.

Date:  April 19, 2022                                                   Respectfully submitted,

  *s/ Andrew P. Giel*                                                    *s/ Louis A. DePaul*
Aaron Z. Tobin                                                          Louis A. DePaul
  Admitted *pro hac vice*                                                 PA ID No. 93823
  atobin@condontobin.com                                                  ldepaul@eckertseamans.com
Stephanie K. Osteen                                                     Lindsey Conrad Kennedy
  Admitted *pro hac vice*                                                 PA ID No. 318318
  sosteen@condontobin.com                                                 lkennedy@eckertseamans.com
Abigail R.S. Campbell                                                   Carolyn O. Boucek
  Admitted *pro hac vice*                                                 PA ID No. 324410
  acampbell@condontobin.com                                               cboucek@eckertseamans.com
**Condon Tobin Sladek Thornton**                                        **Eckert Seamans Cherin &**
  **Nerenberg PLLC**                                                      **Mellott, LLC**
8080 Park Ln. Suite 700                                                 U.S. Steel Tower
Dallas, TX  75231                                                       600 Grant Street, 44th Floor
Phone:  214-265-3800                                                    Pittsburgh, PA  15219
Fax:  214-691-6311                                                      Phone:  412-566-6000
                                                                        Fax:  412-566-6099

John P. Miller
  PA ID No. 91304                                                       *Counsel for Defendants,*
  jmiller@dfllegal.com                                                    *Sourabh Moharil Abhay Jaiswal, and*
Andrew P. Giel                                                            *Agilite Global Solutions Company,*
  PA ID No. 326240                                                        *LLC*
  agiel@dfllegal.com
**Dingess, Foster, Luciana,**                                             *s/ John W. Shaw*
  **Davidson & Chleboski LLP**                                          John W. Shaw
20 Stanwix Street, Third Floor                                            PA ID No. 75738
Pittsburgh, PA  15222                                                     jshaw@shawkeller.com
Phone:  412-926-1800                                                    Nathan R. Hoeschen
Fax:  412-926-1801                                                        Admitted *pro hac vice*
                                                                          nhoeschen@shawkeller.com
*Counsel for Plaintiffs,*                                               **Shaw Keller LLP**
  *ECL Group, LLC d/b/a Eye*                                            I.M. Pei Building
  *Care Leaders and Eli Research*                                       1105 North Market Street, 12th Floor
  *India Private Limited*                                               Wilmington, DE  19801
                                                                        Phone:  302-298-0700
                                                                        Fax:  302-300-4026

                                                                        *Counsel for Defendant,*
                                                                          *Managed Markets Insight and*
                                                                          *Technology, LLC*